**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:11-CR-199 |
| AUGUSTINE DECRUZ, | (JUDGE CAPUTO) |
| Defendant/Petitioner. | |

## **MEMORANDUM**

Presently before me is the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 125) filed by Augustine DeCruz ("DeCruz" or "Petitioner"). DeCruz contends that his counsel was ineffective by failing to investigate the evidence against him and by forcing him to plead guilty. Because DeCruz fails to satisfy the standard for evaluating ineffective assistance of counsel claims set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), his § 2255 motion will be denied.

## **I. Background**

On June 8, 2011, a federal grand jury returned a three count Indictment charging DeCruz with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i) and 18 U.S.C. § 2 (Count I); using, carrying, or possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2 (Count II); and possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(5)(A), (B) (Count III). (*See* Doc. 1, *generally*). These charges were based on the following:

> A confidential informant (CI) advised a police officer in late January of 2011 that he could purchase cocaine from a man named Gus. After the CI contacted Gus by telephone, the police officer verified the CI was clean, provided him money for a controlled buy, drove to Gus's house, and watched as the CI entered the rear of the house and then emerged four minutes later with a substance that field tested positive for cocaine. In early February, the CI made a second controlled buy from Gus while the same police officer again watched from his vehicle. The purchased substance again field tested

> positive for cocaine.
>
> Thereafter, the police officer swore out an affidavit and obtained a search warrant for Gus's house. Execution of the search warrant found Augustine DeCruz on the second floor in the hall, together with crack cocaine and two firearms, a Rossi .38 caliber handgun and a Ruger P95 9 mm handgun. DeCruz was arrested and detained. While DeCruz was incarcerated, his cellmate contacted the police to advise that DeCruz had bragged that the search had failed to discover a firearm in the basement and crack cocaine in folded laundry. Execution of a second search warrant produced a Remington rifle and an additional 151.7 grams of crack cocaine.

*United States v. DeCruz*, 644 F. App'x 189, 190 (3d Cir. 2016).

After DeCruz pled not guilty to the charges in the Indictment, (*see* Doc. 11, *generally*), he filed a motion to suppress evidence, to disclose the identity of a confidential informant, and for a *Franks* hearing, (*see* Doc. 50, *generally*), all of which were denied. (*See* Docs. 56-57, *generally*).

Thereafter, pursuant to a written plea agreement, DeCruz waived his right to prosecution by indictment and entered a guilty plea to a two-count information charging him with possession with intent to distribute a substance containing an unspecified amount of cocaine base and possession of the two handguns in furtherance of a drug trafficking offense. (*See* Docs. 63-64, *generally*). A change of plea hearing was held on May 3, 2013. (*See* Doc. 75, *generally*). At that hearing, DeCruz explained that he cannot read and write, but that he could understand and respond to oral questions. (*See id*. at 3:7-23). After I explained to DeCruz during the plea colloquy that his sentence on the two counts would have to run consecutively, he indicated that he did not understand and he changed his mind about the plea. (*See id*. at 16:9-21). A break was taken at that time to allow DeCruz to speak with his counsel, who indicated that she had discussed that issue with him "several times", but she was "not pushing either way" and it was DeCruz's "right to plead guilty or go to trial." (*Id*. at 16:24-7). Following a short break, it was explained to DeCruz by his counsel and me that "one sentence gets tacked on to the other," and he stated that he understood

and that he wished to continue with the guilty plea. (*Id*. at 17:21-18:20). DeCruz was then informed of the elements of the charged offenses, and DeCruz stated that he was guilty of those offenses. (*See id*. at 23:22-24:21). The Government also detailed the facts which would meet these elements, and DeCruz confirmed that the facts as outlined by the Government were true. (*See id*. at 25:3-26:2). I accepted the plea and set a date for sentencing. (*See id*. at 26:19-27:15).

Prior to sentencing, DeCruz moved to withdraw his guilty plea. (*See* Doc. 69, *generally*). Following a hearing, (*see* Doc. 122, *generally*), I denied the motion, finding, *inter alia*, that DeCruz did not adequately assert his innocence and that his "change of heart" did not provide a sufficiently strong reason to grant his request to withdraw his guilty plea. (*See* Doc. 78, 5-7). I subsequently sentenced DeCruz to forty-six (46) months on the drug trafficking offense and the sixty (60) month mandatory minimum on the firearms offense to be served consecutively. (*See* Doc. 82, *generally*).

DeCruz appealed to the United States Court of Appeals for the Third Circuit, (*see* Doc. 116, *generally*), arguing that I erred in denying his pretrial motion and his motion to withdraw his guilty plea. *See United States v. DeCruz*, 644 F. App'x 189, 191-92 (3d Cir. 2016). The Third Circuit affirmed the denial of those motions. *See id*.

On April 13, 2017, DeCruz filed the instant motion to vacate under § 2255. (*See* Doc. 125, *generally*). DeCruz filed a brief in support of that motion on August 16, 2017. (*See* Doc. 129, *generally*). Therein, DeCruz contends that his counsel was ineffective for forcing him to plead guilty and for failing to adequately investigate the evidence against him. (*See id*. at 12-19).

## II. Legal Standards

**A.    28 U.S.C. § 2255.**

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in

violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

Section 2255(b) generally entitles a petitioner to a hearing on his motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."). The threshold the petitioner must meet to obtain an evidentiary hearing is considered to be "reasonably low." *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005). In considering a § 2255 motion, the "district court must 'accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" *Johnson v. United States*, 294 F. App'x 709, 710 (3d Cir. 2008) (quoting *Booth*, 432 F.3d at 545-46). The district court may, however, dispose of "vague and conclusory allegations" contained in a § 2255 petition without further investigation. *Id*. at 710 (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

**B.     Ineffective Assistance of Counsel.**

Among other protections, the Sixth Amendment to the United States Constitution guarantees an accused in a criminal prosecution "to have the assistance of counsel for his defense." U.S. Const. amend. VI. The applicable federal precedent for ineffective assistance claims is the well-settled two-prong test established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct.

2052, 80 L. Ed. 2d 674 (1984).

To establish he was denied the effective assistance of counsel under *Strickland*, the movant must show that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Id.* at 687-88, 691, 104 S. Ct. 2052. "Both *Strickland* prongs must be satisfied." *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989)).

The first *Strickland* prong requires a defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). Proving a deficiency in conduct "'requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed defendant by the Sixth Amendment.'" *Id.* (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id.* (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. 2052).

"Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S. Ct. 2052. The benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id*. at 687, 104 S. Ct. 2052. It is not enough to show that the error had some conceivable effect on the

outcome of the proceeding, for virtually every act or omission would meet such a test. *Id*. at 693, 104 S. Ct. 2052. Rather, the defendant must show there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id*. at 694, 104 S. Ct. 2052. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. *Id*. The Third Circuit has stated that the "*Strickland* prejudice standard is not 'stringent'- it is, in fact, 'less demanding than the preponderance standard.'" *Williams v. Beard*, 637 F.3d 195, 227 (3d Cir. 2011) (quoting *Jermyn*, 266 F.3d at 282).

### III. Discussion

As stated, DeCruz contends his counsel was ineffective in two respects. First, DeCruz argues that his counsel was ineffective for failing to investigate the evidence against him. Second, DeCruz maintains that his counsel forced him to plead guilty and, as a result, his guilty plea was not knowing and voluntary. I will address these arguments in turn.[1]

**A.    Inadequate Investigation.**

DeCruz argues that his counsel was ineffective based on her failure "to investigate the evidence against Petitioner and the circumstances how the Pennsylvania State Trooper prepared the probable cause [affidavit] to request a search

---

[1] An evidentiary hearing is not required in this matter. 28 U.S.C. § 2255(b) requires an evidentiary hearing "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Booth*, 432 F.3d at 545; *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *Booth*, 432 F.3d at 546. Based on the record of this matter, and for the reasons set forth in the text, DeCruz's ineffective assistance claims are without merit, and no hearing is required for the resolution of the § 2255 motion.

6

warrant." (Doc. 125, 19). According to DeCruz, had his counsel investigated the "genesis of this case," she would have "noticed the court that the issuing authority had no substantial basis for finding probable cause." (*Id.*).

"A claim of ineffective assistance of counsel for failure to investigate must, of course, satisfy both prongs of the *Strickland* test." *United States v. Franklin*, 213 F. Supp. 2d 478, 488 (E.D. Pa. 2002). DeCruz's failure to investigate claim fails to satisfy either prong of *Strickland*.

First, DeCruz has not demonstrated that his counsel's conduct fell outside the range of competent assistance in light of all the circumstances. With respect to the need for counsel to conduct pretrial investigations, *Strickland* instructs:

> [C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland*, 466 U.S. at 691, 104 S. Ct. 2052.

Here, the record belies DeCruz's contention that his counsel failed to investigate the claims against him. To the contrary, the record reveals that DeCruz's counsel had witnesses interviewed as part of her investigation of the circumstances under which DeCruz was arrested and his residence was searched. (*See* Doc. 50-1, *generally*). Additionally, DeCruz's counsel investigated the ownership of the firearms DeCruz was charged with possessing. (*See* Doc. 50, ¶¶ 14-18; *see also* Doc. 50-2, *generally*). Furthermore, insofar as DeCruz claims that his counsel would have discovered an absence of probable cause to search his residence had she conducted a proper investigation, that claim is without merit given that it has already been judicially determined that the affidavit provided probable cause to search the home. (*See* Doc. 56, 6-7 (finding probable cause existed based on the trooper's arrangement and observation of two controlled buys at Petitioner's residence)); *see also DeCruz*, 644 F. App'x at 191 (finding affidavit adequately established probable cause). On this

record, DeCruz is unable to demonstrate that his counsel's investigation in this case was deficient.

Second, even if DeCruz could show deficient performance under *Strickland*, he fails to demonstrate that he was prejudiced as a result of his counsel's investigation.

> [T]o show prejudice, a defendant basing an inadequate assistance claim on his or her counsel's failure to investigate must make "a comprehensive showing as to what the investigation would have produced. The focus of the inquiry must be on what information would have been obtained from such an investigation and whether such information, assuming its admissibility in court, would have produced a different result."

*United States v. Askew*, 88 F.3d 1065, 1073 (D.C. Cir. 1996) (quoting *Sullivan v. Fairman*, 819 F.2d 1382, 1392 (7th Cir. 1987)); *see also United States v. Lathrop*, 634 F.3d 931, 939 (7th Cir. 2011) ("When a petitioner alleges that counsel's failure to investigate resulted in ineffective assistance, the petitioner has the burden of providing the court with specific information as to what the investigation would have produced."); *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."); *accord United States v. Garvin*, 270 F. App'x 141, 144 (3d Cir. 2008) ("To satisfy *Strickland*'s prejudice prong, Garvin must show that, but for his counsel's inadequate investigation, there is a reasonable probability that counsel would have found fingerprint evidence favorable to his claim of innocence, thus undermining confidence in his conviction.").

In the matter *sub judice*, DeCruz fails to identify what information would have been uncovered by way of additional investigation or that such information would have produced a different result. In essence, DeCruz argues that further investigation would have called into question whether probable caused existed to search his residence, but, as stated by the Third Circuit, "the affidavit adequately established

8

probable cause" in view of the officer's recitation therein of the circumstances leading up to and immediately following each of the controlled buys. *DeCruz*, 644 F. App'x at 191. As a result, DeCruz does not set forth any basis by which he was prejudiced even assuming, *arguendo*, that his counsel was deficient in investigating the charges against him. DeCruz is not entitled to habeas relief on his failure to investigate claim.

**B.** **Inadequate Plea Advice.**

DeCruz also contends that his counsel was ineffective by forcing him to plead guilty. (*See* Doc. 129, 12-16). DeCruz argues that his plea was not knowing and voluntary because the firearms he was convicted of possessing were not found at his immediate disposal and were not possessed in furtherance of the drug transactions which he was charged with. (*See id*. at 16).

The Sixth Amendment guarantees a defendant effective assistance of counsel at critical stages of a criminal proceeding, including when she enters a guilty plea. *See Lee v. United States*, - - - U.S. - - - , 137 S. Ct. 1958, 1964, 198 L. Ed. 2d 476 (2017). To demonstrate that counsel's representation was constitutionally ineffective, a defendant must show both *Strickland* prongs. *See id*. "[W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id*. at 1965 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)). A defendant "must convince the court that a decision to reject a plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee*, 137 S. Ct. at 1967.

DeCruz fails to demonstrate either *Strickland* prong with respect to this claim.

9

At the plea hearing, DeCruz testified under oath that he reviewed the charges against him and the plea agreement with counsel prior to changing his plea. (*See* Doc. 75, 5:2-7, 11:12-25). DeCruz during the plea colloquy also indicated: that nothing besides what was in the agreement was promised to him; that he understood the agreement; that he was pleading guilty on his own free will; that he would likely be deported as a result of the guilty plea; and that his sentence on the two counts would be consecutive, (*See id*. at 12:1-24, 14:10-15, 15:6-22, 17:21-18:20). DeCruz was also informed of the sentencing exposure on the two charges. (*See id*. at 15:24-16:13). Lastly, after being informed of the elements of each offense and the facts the Government would offer to meet those elements at trial, DeCruz testified that those facts were true and he plead guilty to both offenses. (*See id*. at 23:22-26:11).[2] DeCruz has not shown either that his counsel's performance fell below an objective standard of reasonableness or that there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Thus, under the circumstances, DeCruz's claim that he was forced by counsel to accept the plea agreement is without merit. *See*, *e.g.*, *United States v. Shumaker*, 475 F. App'x 817, 822 (3d Cir. 2012); *United States v. Hogan*, No. 06-537, 2017 WL 3015192, at *3 (E.D. Pa. Feb. 17, 2017); *United States v. Vaskas*, No. 12-128, 2016 WL 1273921, at *2 (E.D. Pa. Mar. 31, 2016), *aff'd*, 696 F. App'x 564 (3d Cir. 2017)

## IV. Conclusion

For the above stated reasons, DeCruz was not denied the effective assistance of counsel. DeCruz's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence will thus be denied. Further, in proceedings brought pursuant to 28 U.S.C. § 2255, an applicant cannot appeal to the circuit court unless a certificate of

---

[2] In denying DeCruz's direct appeal, the Third Circuit similarly noted that his "contention that he did not understand the plea proceeding and that his plea was involuntary is belied by the transcript of the plea colloquy." *DeCruz*, 644 F. App'x at 192.

appealability has been issued. Under 28 U.S.C. § 2253(c)(2), a court may not issue a certificate of appealability unless "the applicant has made a substantial showing of the denial of a constitutional right." Restated, a certificate of appealability should not be issued unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). As reasonable jurists would not disagree with the resolution of the instant § 2255 motion, a certificate of appealability will not issue.

    An appropriate order follows.

January 29, 2018　　　　　　　　　　　　　　　/s/ A. Richard Caputo　　
Date　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　United States District Judge